

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Steve Podkulski (#2014-1023035), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 5660 |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| Tom Dart, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

  Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 3) is granted. The Court waives the initial partial payment of the filing fee and directs the trust fund officer at Plaintiff's place of confinement to make monthly deductions from Plaintiff's trust fund account in accordance with this order. The Clerk of Court is directed to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. The complaint on file (Dkt. 1) is dismissed without prejudice. The Court grants Plaintiff's motion for attorney representation (Dkt. 4). Attorney Kevin Edward Posen, Teller, Levit & Silvertrust, 19 S. LaSalle, Suite 701, Chicago, IL 60603, (312) 922-3030, kposen@tellerlevit.com is recruited to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. By 10-2-17, 2017, counsel shall enter an appearance for Plaintiff. By 10.23, 2017, counsel should either file an amended complaint or advise the Court that he cannot do so. If counsel believes that filing an amended complaint would be inconsistent with his Rule 11 obligations, he should so inform the Court. The Clerk is directed to send a copy of this order to Plaintiff and attorney Posen.

### STATEMENT

  Plaintiff Steve Podkulski, an inmate at the Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants have been deliberately indifference to his serious medical needs and retaliated against him for filing lawsuits. (Dkt. 1) Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

  Plaintiff's *in forma pauperis* application demonstrates he cannot prepay the filing fee or an initial partial payment of it. The Court grants his motion for leave to proceed *in forma pauperis* and waives the initial partial payment. In accordance with 28 U.S.C. § 1915(b)(2), the Court orders Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where plaintiff is housed until

the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, U.S. District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff alleges that Defendants have failed to provide him with adequate medical care for seizures and what he describes as his "incontinence needs." Plaintiff also alleges that Defendant Superintendent Yuksolian "has engaged in a pattern of retaliation, and interfering in [his] medical care and safety for filing lawsuits." (Dkt. 1, pgs. 3-5) Plaintiff names the following as Defendants in this action: Tom Dart, Elia Disavio, Dr. Paul, "Director Medical Cermak," four John Doe doctors at Cermak, and Superintendent Yuksolian.

Plaintiff may not proceed upon the complaint on file, as it is deficient in a number of respects.

First, given the allegations in the complaint, Plaintiff may be able to state tenable causes of action for deliberate indifference to his serious medical needs and/or retaliation. *See Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008) (jail officials may not act with deliberate indifference to a pretrial detainee's serious medical needs); *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012) (to establish a claim of retaliation in violation of the First

[2]

Amendment, the plaintiff must allege: (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the protected activity motivated the defendant's action). However, Plaintiff has provided very little factual information about the particular events and the circumstances underlying this lawsuit, and his allegations (which have been arranged into eleven separate "claims" related to each Defendant) are largely conclusory in nature at this point. "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Labels, conclusions, and "naked assertions devoid of further factual enhancement" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). Here, given the paucity of the allegations, the Defendants do not have fair notice of the claim(s) against them and the Court cannot assess whether a constitutional violation is plausible. Although Plaintiff is not required to engage in fact pleading, if he wants to proceed with this case, he must include in any amended complaint facts showing what events gave rise to his claim(s).

Relatedly, it is unclear when the events at issue in this lawsuit occurred. On page four of the complaint, Plaintiff claims that, on three occasions (once in September 2015, once in January 2017 and once in June 2017) three separate John Doe doctors either tried to or did take Plaintiff off his seizure medication. (Dkt. 1, pg. 4) These are the only dates identified in the complaint. To satisfy the notice-pleading requirements of Rule 8(a)(2), a plaintiff must provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Thus, in any amended complaint, Plaintiff must provide some additional information as to when the complained-of events allegedly occurred. Plaintiff does not need to provide exact dates (or specifically link the dates to each Defendant as he has done here with respect to three of the John Doe doctors), but he must provide some indication of the timeframe underlying this lawsuit.

As a final matter, the Court notes that section 1983 creates a cause of action based on personal liability and is predicated on fault; thus to be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted); *see Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In the complaint, Plaintiff names nine Defendants (including four unknown John Does). In some instances, Plaintiff has tied specific allegations to particular individuals named in the complaint. In other instances, however, he has not and has simply refers to Defendants in the collective (*see e.g.,* Dkt. 1, pg. 3, referring to "all Defendants"). In drafting any amended complaint, Plaintiff should explain, with some degree of specificity, how each particular individual named in the complaint allegedly violated his constitutional rights. He should tie specific allegations to each named Defendant, and, to the extent possible, should avoid a "group pleading" style that refers to Defendants in the collective (or to collective action).

For the reasons discussed above, the Court dismisses the complaint on file without prejudice. Given the deficiencies set forth above as well as the fact that Plaintiff's allegations suggest that he may be able to state plausible claims (including a medical deliberate indifference claim), the Court finds that the recruitment of counsel for Plaintiff is warranted. Accordingly,

[3]

the Court grants Plaintiff's motion for attorney representation (Dkt. 4) and recruits attorney Kevin Edward Posen, Teller, Levit & Silvertrust, 19 S. LaSalle, Suite 701, Chicago, IL 60603, (312) 922-3030, kposen@tellerlevit.com to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. By the above-referenced dates, counsel shall enter an appearance for Plaintiff and either file an amended complaint or advise the Court that he cannot do so. If counsel believes that filing an amended complaint would be inconsistent with his Rule 11 obligations, he should so inform the Court. The Clerk is directed to send a copy of this order to Plaintiff and attorney Posen.

Date: 9-5-17    /s/ *Charles Norgle*