IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Steve Podkulski (B-53394), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 5660 |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| Tom Dart, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants' summary judgment motion [191] is granted in part and denied in part, for the reasons discussed below.

## BACKGROUND

Plaintiff Steve Podkulski, an Illinois state prisoner currently confined at Pontiac Correctional Center ("Pontiac"), filed this *pro se*[1] civil rights action pursuant to 42 U.S.C. § 1983 back in August 2017, alleging that Defendants Sheriff Thomas Dart ("Dart"), Dr. Reena Paul ("Dr. Paul"), and Director Martha Yoksoulian ("Yoksoulian") violated his Fourteenth Amendment rights while he was a pre-trial detainee at the Cook County Jail. Plaintiff claims that Dart and Yoksoulian improperly housed him with disciplinary segregation detainees, which forced him to suffer the consequences of those detainees' misbehavior. He also alleges that Dart had a policy of removing detainees from some prescription medications, and that Dr. Paul provided him with inadequate medical care when she tapered his Klonopin medication and placed him on another seizure medication (Keppra).

---

[1] The Court initially recruited counsel for Plaintiff in this matter. (*See* Dkts. 5, 15, 33.) Plaintiff's counsel was permitted to withdraw after representing that "[b]ased on the review of the medical records . . . [counsel] does not believe that representation is possible consistent with counsel's ethical obligations under the Federal Rule of Civil Procedure." (Dkt. 52, 53.) Plaintiff's *pro se* amended complaint (Dkt. 87), which is the operative complaint before this Court, was filed on September 11, 2023.

Defendants have moved for summary judgment, Plaintiff responded to Defendants' motion for summary judgment, and Defendants have replied. For the reasons discussed below, the Court grants Defendants' motion for summary judgment.

I. **Northern District of Illinois Local Rule 56.1**

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this Court. Rule 56.1 requires the party moving for summary judgment to provide a statement of material facts and a supporting memorandum of law. LR 56.1(a)(1), (2) (N.D. Ill.) (amd. Feb. 18, 2021). The statement of material facts "must consist of concise numbered paragraphs[,]" and "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it." LR 56.1(d)(1),(2). When addressing facts in its memorandum of law, the moving party "must cite directly to specific paragraphs in the LR 56.1 statements or responses." LR 56.1(g).

The party opposing summary judgment must submit a supporting memorandum of law and a response to the moving party's statement of facts. LR 56.1(b)(1), (2). A fact may be admitted, disputed, or admitted in part and disputed in part. LR 56.1(e)(2). To dispute an asserted fact, the opposing party "must cite specific evidentiary material that controverts the fact" and explain "how the cited material controverts the asserted fact." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate[.]" *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). "Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3).

Here, Defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment. (Dkt. 192.) Consistent with the Local Rules, Defendants also provided

2

Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 194.)

For his part, Plaintiff submitted a response to Defendants' statement of facts (Dkt. 202), in which he states that "[he] admits all of Defendants' statements of facts, except for #48." He also submits an additional statement of facts (Dkt. 204), which contains no citations to evidentiary material. Separately, Plaintiff submitted a memorandum of law opposing summary judgment (Dkt. 203).

Plaintiff's response at docket no. 202 cannot be deemed an appropriate response to Defendants' statement of material facts, as it does not comport with the Local Rules.[2]

Although courts construe *pro se* pleadings liberally, *see Thomas v. Williams*, 822 F.3d 378, 385 (7th Cir. 2016), a plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("[E]ven *pro se* litigants must follow procedural rules."). Local Rule 56.1 "provides the only acceptable means of disputing the other party's facts and of presenting additional facts to the district court." *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995); *see also Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Because Plaintiff did not properly respond to Defendants' LR 56.1 statement of facts, the Court accepts Defendants' "uncontroverted version of the facts to the extent that it is supported by evidence in the record." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

---

[2] As discussed above, Plaintiff was required to submit a statement admitting or disputing each of Defendants' facts. *See* LR 56.1(e)(2). He did not do so. For the single fact that he disputes (#48), he does not cite to any evidentiary material, as Local Rule 56.1(e)(3) requires.

Similarly, Plaintiff's additional facts (at docket no. 204) are problematic. The additional facts are unsupported by citations to evidentiary material and are largely argumentative. As such, Plaintiff's statement of additional facts runs afoul of the Court's Local Rules. *See* LR 56.1(b)(3), (d); *see also Almy v. Kickert Sch. Bus Line, Inc.*, No. 08-cv-2902, 2013 WL 80367, at *2 (N.D. Ill. Jan. 7, 2013) ("[C]ourts are not required to 'wade through improper denials and legal arguments in search of a genuinely disputed fact.'") (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Therefore, the Court has considered Plaintiff's statement of additional facts only to the extent it is supported by the record or where Plaintiff could properly testify about the matters asserted. *See Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013); *see also* Fed. R. Evid. 602.

With these guidelines in mind, the Court turns to the facts of this case, stating those facts as favorably to Plaintiff as the record and LR 56.1 permit. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012).

## II. Relevant Facts[3]

Plaintiff Steven Podkulski has suffered from a seizure disorder since 1999. (Dkt. 192, Defendant's Statement of Facts, ¶ 1.) Podkulksi has taken Klonopin (also known as clonazepam) to treat his seizure disorder since 1999. (*Id.* at ¶ 2.) Klonopin is a benzodiazepine. (*Id.* at ¶ 3.) The United States Food and Drug Administration ("FDA") has approved Klonopin for the short-term treatment of seizure disorders. (*Id.* at ¶ 4.) The FDA does not recommend using Klonopin for long-term treatment of seizure disorders because dangerous side effects can emerge from long-

---

[3] Defendants have moved for summary judgment on three grounds. They argue that: (1) *res judicata* and collateral estoppel bar Plaintiff's claims; (2) Plaintiff's amended complaint is untimely because it was filed nearly six years after the time of its allegations against Defendants; and (3) Plaintiff has failed to present admissible evidence of objectively unreasonable conduct under the Fourteenth Amendment. (*See* Dkt. 193 at pgs. 7-13.) For the reasons discussed below, Defendants are not entitled to summary judgment based on *res judicata*/collateral estoppel and/or timeliness grounds. Accordingly, the Court confines its recitation of the facts to those that are relevant/germane to Defendants' third argument, which concerns the merits of Plaintiff's claims.

term use. (*Id.* at ¶ 5.) Keppra (also known as levetiracetam) is a drug that the FDA has approved for long-term seizure treatment. (*Id.* at ¶ 6.)

Podkulski arrived at the Cook County Department of Corrections on October 23, 2014. (*Id.* at ¶ 7.) Until May 2015, Podkulski was in protective custody on a tier that also housed detainees assigned to disciplinary segregation. (*Id.* at ¶ 8.) The disciplinary segregation detainees would refuse to lockup, flood the tier, and throw things from their cells. (*Id.* at ¶ 9.) As a result, Podkulski occasionally received insufficient out-of-cell time and walked through flood water. (*Id.* at ¶ 10.)

On December 5, 2014, Podkulski had an appointment with Defendant Dr. Reena Paul. (*Id.* at ¶ 11.) Dr. Paul reviewed Podkulski's chart, which documented that Podkulski had an appointment with a neurologist the week before, on November 28, 2014. (*Id.* at ¶ 12.) The note from that appointment also documented that Podkulski had reported several symptoms that the neurologist determined to be side effects of Podkulski's long-term Klonopin use. (*Id.* at ¶ 13.) The note also documented the neurologist's recommendation that Podkulski be tapered off Klonopin. (*Id.* at ¶ 14.) Based on that note, Dr. Paul ordered a six-week Klonopin taper for Podkulski and prescribed him Keppra for his seizure disorder. (*Id.* at ¶ 15.)

### III.  Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986); *see also Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599

(7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

The parties seeking summary judgment have the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010). If the moving parties demonstrate the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012).

## IV. Discussion

### A. *Res Judicata*/Collateral Estoppel and Timeliness

Defendants argue that they are entitled to summary judgment because *res judicata* and collateral estoppel bar Plaintiff's claims. (Dkt. 193 at pgs. 7-8.) They argue, without meaningful discussion or elaboration, that "Podkulski's claim is duplicative of two earlier lawsuits he filed." (*Id.* at pg. 7.) They do not discuss the "two earlier lawsuits" in their memorandum or tie the "two earlier lawsuits" to any relevant *res judicata*/collateral estoppel caselaw. In a similar cursory manner (and without consideration of any equitable tolling), they contend that Plaintiff's amended complaint is untimely because it was filed nearly six years after the time of its allegations against Defendants. (*Id.* at pgs. 8-10.)

The Court acknowledges that Plaintiff is a frequent litigator in this Court, that this particular case was filed back in 2017 and has followed a circuitous route, and that the operative

6

complaint in this case is not a model of clarity. However, Defendants' arguments concerning *res judicata*/collateral estoppel and the statute of limitations are underdeveloped and perfunctory in nature, such that the Court considers them waived. *See Schaefer v. Universal Scaffolding & Equip. LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("perfunctory and undeveloped arguments are waived").

Accordingly, Defendants are not entitled to summary judgment on these grounds, and their motion, as it concerns *res judicata*/collateral estoppel and the statute of limitations (*see* Dkt. 193 at pgs.7-10), is denied.

### B. Plaintiff's Fourteenth Amendment Claims

Defendants also move for summary judgment on the merits. They argue that Plaintiff has failed to present admissible evidence of objectively unreasonable conduct under the Fourteenth Amendment. (Dkt. 193 at pgs. 10.) More specifically, they assert that Plaintiff has no admissible evidence that Sheriff Dart has a policy or practice of prohibiting medications like Klonopin, Plaintiff's disagreement with Dr. Paul's professional judgment does not constitute inadequate medical care, and Plaintiff has failed to show that his housing assignment was unconstitutional. (*Id.* at pgs. 10-13.) The Court finds Defendants' arguments well-taken.

Initially, the Court observes that it screened Plaintiff's *pro se* amended complaint back on March 18, 2024, and allowed Plaintiff to proceed upon it in accordance with that order. (Dkt. 91.) At that time, the Court specifically advised Plaintiff that "as the case progresses, he must actually prove his allegations, rather than enjoy the benefit of the assumption of the truth at th[e] pleading stage." (*Id.*) While the Court determined that Plaintiff's allegations were sufficient to proceed forward at the pleading stage, it is clear, at summary judgment, and on a more developed record, that Plaintiff's claims are insufficient to proceed further.

To be sure, Plaintiff has failed to establish any evidence of a jail policy or procedure

7

(prohibiting medications like Klonopin or those concerning housing assignments), that might establish a claim pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 694 (1978). Rather, Plaintiff's allegations are just that: *allegations*. This is not enough to carry him forward at summary judgment. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (summary judgment is the "put up or shut up moment in a lawsuit"). Accordingly, Defendants are entitled to summary judgment on Plaintiff's *Monell* claim(s), and their motion as to this issue (*see* Dkt. 193 at pgs. 10-11, 13) is granted.

Similarly, there is no evidence before this Court suggesting that Defendants Dart and Yoksoulian were personally involved in Plaintiff's housing assignment. This is fatal to any Fourteenth Amendment conditions-of-confinement claim that Plaintiff asserts against Defendants Dart and Yoksoulian, in their individual capacities, as "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Accordingly, Defendants Dart and Yoksoulian are entitled to summary judgment on Plaintiff's conditions-of-confinement claim, and their motion as to this issue (*see* Dkt. 193 at pg. 13) is granted.

Further, Defendant Paul is entitled to summary judgment on Plaintiff's medical claim. The Fourteenth Amendment's objective reasonableness standard governs claims brought by pretrial detainees for inadequate medical care. *Swisher v. Porter Cnty. Sheriff's Dep't*, 761 F. App'x 616, 620 (7th Cir. 2019) (citing *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)). Courts therefore must "focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.* (quoting *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018)).

8

"The plaintiff bears the burden to demonstrate objective unreasonableness[.]" *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020). To prevail on his claim, the plaintiff must first "show that the defendant acted purposefully, knowingly, or recklessly when considering the consequences of [her] response to the medical condition at issue in the case." *Id.* (citing *McCann*, 909 F.3d at 886). The plaintiff then "must show that the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances." *Id.*

Plaintiff presents no evidence from which a reasonable jury could find that Dr. Paul's treatment decisions concerning his seizure medication were objectively unreasonable. There is simply no evidence before this Court that suggests that Dr. Paul's decision to taper Plaintiff's Klonopin (and place him on another drug used to treat seizures) was reckless or poorly considered.

To the contrary, the record shows that Dr. Paul had limited contact/interaction with Plaintiff, and that she first met with him on December 5, 2014. (Dkt. 192 at ¶ 11.) Dr. Paul reviewed Plaintiff's chart, which documented that he had an appointment with a neurologist the week before, on November 28, 2014. (*Id.* at ¶ 12.) The note from that appointment also documented that Plaintiff had reported several symptoms that the neurologist determined to be side effects of Plaintiff's long-term Klonopin use. (*Id.* at ¶ 13.) The note also documented the neurologist's recommendation that Plaintiff be tapered off Klonopin. (*Id.* at ¶ 14.) Based on that note, Dr. Paul ordered a six-week Klonopin taper for Plaintiff and prescribed him Keppra for his seizure disorder. (*Id.* at ¶ 15.)

In his memorandum of law, Plaintiff expresses his dissatisfaction with Dr. Paul's treatment decisions. He states that "as for Dr. Reena Paul it is not the taking of [his] seizure medication that [he] [is] suing for. It is the results of taking the medication which resulted in [him] having over 50 seizures and having to go to the ER over 50x, when Dr. Paul did nothing to fix the issue." (Dkt.

9

203 at pgs. 2-3.) But Plaintiff does not point to any medical evidence documenting "over 50 seizures," nor is there any evidence before the Court suggesting that Plaintiff specifically alerted Dr. Paul to any particular concerns with Keppra. Moreover, the record reflects that Plaintiff had previously taken Keppra for "a couple of months" (Dkt. 192-1 at pg. 55:19-23), and Dr. Paul's professional opinion, at the time she met with Plaintiff in December 2014, was that "[Plaintiff] had not used Keppra for long enough to accurately assess its efficacy[]" and that "[she] prescribed [him] Keppra because [she] believed it would treat [his] seizure disorder if he used it consistently for long enough." (Dkt. 192-2 at pg. 2.)

It may be that Plaintiff did not receive the particular care or treatment he wanted for his seizure disorder (or when he wanted it), but "[p]retrial detainees do not have a constitutional right to dictate their medical care," "demand specific care," or "receive the best care possible." *McClendon v. Lochard*, No. 19-CV-373, 2021 WL 3172982, at *8 & n.3 (N.D. Ill. July 27, 2021) (internal quotation marks and citations omitted)). Here, the record shows that Defendant Paul's treatment decisions concerning Plaintiff's seizure medication were reasonable under the circumstances and based on her professional judgment.

Accordingly, Defendant Paul is entitled to summary judgment on Plaintiff's medical claim, and her motion as to this issue (*see* Dkt. 193 at pgs. 11-12) is granted.

**V.     Conclusion**

Defendants' motion for summary judgment (Dkt. 191) is granted in part and denied in part, for the reasons set forth above. This case, as against Defendants Dart, Yoksoulian and Dr. Paul, is dismissed with prejudice. Final judgment will not enter at this time, as a claim remains pending against Defendant Reed (*see* Dkt. 210).

Date: February 20, 2026            /s/ Hon. Elaine E. Bucklo
                                    United States District Judge